FILED
MCLENNAN COUNTY
8/31/2017 6:29 PM
JON R. GIMBLE
DISTRICT CLERK
Tiffany Crim

CAUSE NO. 2017-2881-4

| | | |
|---|---|---|
| NEWMAN APARTMENTS CIELO REVOCABLE TRUST, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | MCLENNAN COUNTY, TEXAS |
| COVINGTON SPECIALTY INSURANCE COMPANY, AND ENGLE MARTIN & ASSOCIATES INC. | § § § § § | |
| Defendants. | § | 170TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Newman Apartments Cielo Revocable Trust (hereinafter "Plaintiff"), and complains of Defendants Covington Specialty Insurance Company (hereinafter "Covington") and Engle Martin & Associates Inc. (hereinafter "Engle Martin"). In support of its claims and causes of action, Plaintiff would respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL

1.   Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES, JURISDICTION AND VENUE

2.   Plaintiff is located at 708 Ruby Ave, Waco TX 76710 in McLennan County, Texas. It owns the apartment community located in McLennan County known as Newman Apartments, located at 708 Ruby Ave, Waco TX 76710 (the "Property").

3.   Defendant Covington is a New Hampshire insurance company doing business in Texas procuring and adjusting policies. Covington does not list a person in this state appointed as agent

EXHIBIT B

for service of process. The address listed in the Texas Department of Insurance records is 945 E Paces Ferry Rd NE Ste 1800, Atlanta, GA 30326-1373.

4. Defendant Engle Martin is a Georgia corporation doing business in Texas adjusting insurance claims. Engle Martin may be served through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas Texas 75201, or any other place that said agent for service may be found.

## III.
## JURISDICTION AND VENUE

5. This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

6. This court has jurisdiction over Covington and Engle Martin because said Defendants purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over said Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7. Venue is proper under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code, as all or a substantial part of the events giving rise to this suit occurred within McLennan County.

## IV.
## NATURE OF THE CASE AND BACKGROUND FACTS

8. This matter is a first party insurance dispute regarding the extent of damages and amount of loss suffered at the Property in this matter. In addition to seeking economic and penalty based damages from Covington, Plaintiff also seeks compensation from Engle Martin and its

2

adjusters for damages caused by improperly evaluating the extensive losses associated with this case.

9. Plaintiff is the owner of the Property.

10. In April 2014, Plaintiff purchased commercial insurance policy VBA280840 00 (the "Policy") from Covington to cover the Property for loss due to wind and rain, among other enumerated perils, including business loss.

11. On or about October 2, 2014, a severe wind and/or hail storm struck Waco, Texas, and its surrounding counties and towns. In addition to hail, extraordinary and sustained winds, and strong gusts, endured at the ground level. Accordingly, the Property suffered significant damage due to the storm.

12. In the aftermath, Plaintiff submitted a claim to Covington against the Policy for roof damage and water damage the Property sustained as a result of the weather event. Plaintiff sustained extensive damage to the roofs, exteriors, interiors, and structures of its buildings as well as its office.

13. Covington assigned Engle Martin to adjust the claim. Engle Martin adjusted Plaintiff's claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiff's claim.

14. Engle Martin, through its agents, conducted a substandard inspection of Plaintiff's property. More specifically, Engle Martin failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claims, failed to respond to requests for information from Plaintiff, failed to timely evaluate the claims, failed to timely estimate the claims, and failed to timely and properly report to Covington and make recommendations to it with regard to Plaintiff's claims.

3

15. The inadequacy of Engle Martin's inspection is evidenced by its estimate and reports, which failed to include the majority of Plaintiff's damages. Ultimately, Engle Martin's estimate did not allow adequate funds to cover the costs of repairs for any of the damages sustained. Engle Martin's inadequate investigation was relied upon by Covington in this action and resulted in Plaintiff's claim being improperly denied and delayed even though the Policy provided coverage for the losses suffered by Plaintiff.

16. Engle Martin failed to properly oversee the investigation of Plaintiff's claim, resulting in an unreasonable investigation and improper handling. Covington then failed to properly review or oversee Engle Martin's work. As a result of Defendants improper actions, Plaintiff's claims were underpaid.

17. Engle Martin and Covington misrepresented to Plaintiff that Engle Martin's estimate included all the damages and that it made sufficient allowances to cover the costs of repairs to the Property, when, in fact, the estimate failed to include many of Plaintiff's properly covered damages and failed to allow for adequate amounts to cover the costs of repair.

18. Ultimately, Engle Martin and Covington underscoped and undervalued Plaintiff's damages, thereby depriving Plaintiff of the adequate payment it was due under the Policy.

19. Pursuant to its obligations as a policy holder, Plaintiff made complete payment of all commercial insurance premiums in a timely fashion. Moreover, its commercial policy covered Plaintiff during the time period within which the severe weather event occurred.

20. Despite Plaintiff's efforts, Covington continually failed and refused to pay Plaintiff in accordance with its promises under the Policy. Covington failed to make any attempt to settle Plaintiff's claims in a fair manner, although its liability to Plaintiff under the Policy is without dispute.

21. In the months following the filing of its claim, Plaintiff provided information to Defendants, and gave Defendants opportunities to inspect the Property. Through negligence and/or pressure exerted on them by Covington to keep payments low by denying valid claims, Engle Martin, failed to conduct a fair investigation into the damage to the Property.

22. Despite Defendants' improprieties, Plaintiff continued to provide information regarding the losses and the related claims to Defendants, including, but not limited to reports by Plaintiff's forensic consultants. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, Defendants failed to properly adjust the claims and the losses. As a result, to this date, Plaintiff has not received proper payment for the claims, even though notification was provided shortly after the loss.

23. Defendants have failed to sufficiently explain the reasons for their refusal to offer adequate compensation for the damage to the Property. Covington did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the Policy.

24. Defendants have further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from any of the Defendants in a timely manner.

25. Covington has, to date, refused to fully compensate Plaintiff under the terms of the Policy that Plaintiff paid for, even though it was Covington that failed to conduct a reasonable investigation. Ultimately, Defendants performed a result-oriented investigation of Plaintiff's claims that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

26. Defendants have failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claims, beginning an investigation of Plaintiff's

5

claims, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

27. As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with Covington. Unfortunately, Plaintiff has therefore been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits. As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## V.
## CONDITIONS PRECEDENT

28. All conditions precedent to recovery by Plaintiff have been met or have occurred.

## VI.
## AGENCY

29. All acts by Defendants were undertaken and completed by their officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Defendants and/or were completed in their normal and routine course and scope of employment with Defendants.

## VII.
## CAUSES OF ACTION

### Count I - Negligence

30. Plaintiff hereby incorporates all above paragraphs as if fully set forth herein.

31. Defendants owed a legal duty to Plaintiff to properly adjust the structural loss, property damage, and other insurance losses associated with the Plaintiff's commercial Property. Defendants breached this duty in a number of ways, including but not limited to the following:

6

  a. Defendants were to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's commercial property loss;

  b. Defendants had a duty to competently and completely handle and pay all damages associated with Plaintiff's commercial Property; and/or

  c. Defendants failed to properly complete all adjusting activities associated with Plaintiff.

32. Defendants' acts, omissions, and/or breaches directly and proximately caused damage to Plaintiff.

### Count II – Breach of Contract

33. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

34. According to the Policy, Covington had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for claims made due to the extensive damages caused by the severe weather event.

35. As a result of the severe weather event, Plaintiff's Property suffered severe external and internal damages, and Plaintiff suffered additional business losses.

36. Despite objective evidence of such damages, Defendants have breached their contractual obligations under the subject insurance policy by failing to pay Plaintiff's benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

### Count III – Violations of Texas Deceptive Trade Practices Act and Tie-In-Statutes

37. Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

7

38. Defendants' collective actions constitute violations of the Deceptive Trade Practices Act ("DTPA"), including but not limited to Sections 17.46(b)(12), 17.46(b)(14), 17.46(b)(20), 17.46(b)(24), and Section and 17.50(a)(4) of the Texas Business and Commerce Code.

39. Defendants collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

    d.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    e.    Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

    f.    Using or employing an act or practice in violation of the Texas Insurance Code;

    g.    Unreasonably delaying the investigation, adjustment, and resolution of Plaintiff's claims;

    h.    Failing to properly investigate Plaintiff's claims; and/or

    i.    Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Defendants in low-balling and/or denying Plaintiff's claim.

40. Defendants represented to Plaintiff that the Policy and Defendants' adjusting and investigative services had characteristics or benefits that they actually did not have, which entitles Plaintiff to recover under DTPA Section 17.46(b)(5).

41. Defendants represented to Plaintiff that the Policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another, in violation of DTPA Section 17.46(b)(7).

8

42. By representing that Defendants would pay the entire amount needed by Plaintiff to repair the damages caused by a severe wind event and then not doing so, Defendants have violated Sections 17.46(b)(5), (7), and (12) of the DTPA.

43. Defendants have breached an express warranty that damage caused by a severe wind event would be covered under the subject insurance policies. This breach entitles Plaintiff to recover under DTPA Sections 17.46(b)(12) and (20) and 17.50(a)(2).

44. Defendants' actions, as described herein, were unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct entitles Plaintiff to relief under DTPA Section 17.50(a)(3).

45. Defendants' conduct, acts, omissions, and failures, as described in this Petition, constituted unfair practices in the business of insurance in violation of DTPA Section 17.50(a)(4).

46. Plaintiff was a consumer, as defined under the DTPA, and relied upon Defendants' false, misleading, and deceptive acts and practices to its detriment. As a direct and proximate result of Defendants' collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.

47. All of the above-described acts, omissions, and failures of Defendants are a direct and proximate cause of Plaintiff's damages.

48. Because Defendants' collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Defendants having knowingly committed their conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of

mental anguish and actual damages due to Defendants having intentionally committed such conduct.

49. As a result of Defendants' unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Texas Business and Commerce Code Section 17.50(d), as well as any other such damages to which Plaintiff may show itself to be justly entitled at law and in equity.

**Count IV - Violations of Texas Insurance Code**

50. Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

51. Defendants' violations of the Insurance Code include, without limitation, all the conduct described herein and Defendants' failure to properly investigate Plaintiff's claims. They also include Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and their failure to pay for the proper repair of the Property, as to which Defendants' liability had become reasonably clear.

52. Additional violations include Defendants' hiring of and reliance upon a biased adjuster and/or engineer to obtain favorable, result-oriented reports to assist them in low-balling and denying Plaintiff's claim. They further include Defendants' failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Defendants' misrepresentations of coverage under the subject insurance policy.

53. More specifically, Defendants' actions constitute unfair methods of competition and unfair or deceptive acts or practices as well as prompt payment failures in violation of the Texas

Insurance Code, including but not limited to, Sections 541.060 and 541.061. 542.055, 542.056, 542.058.

54. Defendants engaged in the following non-exhaustive unfair methods of competition and unfair and deceptive acts or practices in the business of insurance:

    a. Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    b. Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendants' liability has become reasonably clear;

    c. Failing to provide promptly to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

    d. Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff and to submit a reservation, or to submit a reservation of rights to Plaintiff;

    e. Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered;

    f. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

    g. Misrepresenting an insurance policy by making an untrue statement of material fact and/or making a statement that would mislead a reasonably prudent person to a false conclusion of a material fact

55. Defendants' engaged in the following non-exhaustive prompt payment failures:

    a. Failing to acknowledge receipt of Plaintiff's claim, commence investigation of the claim and request from Plaintiff all items, statements and forms that the insurer reasonably believes will be required from the claimant within the applicable time constraints.

    b. Failing to notify Plaintiff in writing of the acceptance or rejection of a claim within the time constraints required after receiving all items, statements and forms required by Defendants to secure final proof of loss.

11

    c. Delaying payment of Plaintiff's claim following Defendants' receipt of all items, statements and forms reasonably requested and required for longer than the applicable time constraints.

56. Plaintiff was the insured or beneficiary of a claim that was apparently valid, and Plaintiff relied upon Defendants' unfair or deceptive acts or practices to its detriment.

57. As a direct and proximate result of Defendants' acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

58. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendants' actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, additional damages in an amount not to exceed three times the amount of actual damages.

59. As a result of Defendants' unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiff also seeks to recover their costs and reasonable and necessary attorney's fees as permitted under Section 17.50(d) of the Texas Business & Commercial Code or Section 541.152 of the Texas Insurance Code and any other such damages to which Plaintiff may show itself to be justly entitled by law and in equity.

### Count V – Breach of Duty of Good Faith and Fair Dealing

60. Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

61. By their acts, omissions, failures and conduct, Defendants breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for their refusal.

12

62. Defendants have also breached their duty of good faith and fair dealing owed to Plaintiff by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim when Defendants knew or should have known that it was reasonably clear that Plaintiff's claims were covered.

63. It is clear based on Defendants refusal to acknowledge the deficiencies in its investigation that Defendants' investigation was conducted in a manner calculated to construct a pretextual basis for denial.

64. These acts, omissions, failures, and conduct by Defendants are a proximate cause of Plaintiff's damages.

### Count VI - Misrepresentation

65. Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

66. Defendants made misrepresentations regarding the Policy, Plaintiff's coverage, and the adequacy of its investigation to Plaintiff.

67. Defendants failed to exercise reasonable care or competence in obtaining or communicating the misrepresentations.

68. Plaintiff justifiably relied on Defendants misrepresentations and as a direct and proximate result suffered damages, including but not limited to actual damages, loss of their businesses, loss of use of their businesses and attorney fees. Defendants are liable for these actual, consequential and penalty-based damages.

### Count VII – Common-Law Fraud By Misrepresentation

69. Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

13

70. Defendants made misrepresentations regarding the Policy, Plaintiff's coverage, and the adequacy of its investigation to Plaintiff.

71. Defendants knew their representations were false, or made the representations recklessly without knowledge of their truth or falsity.

72. Defendants made their misrepresentations with the ignition that Plaintiff act in reliance upon them.

73. Plaintiff acted in reliance on the misrepresentations and as a direct and proximate result suffered damages, including but not limited to actual damages, loss of their businesses, loss of use of their businesses, and attorney fees. Defendants are liable for these actual, consequential and penalty-based damages.

## VIII.
## WAIVER AND ESTOPPEL

74. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

75. Defendants have waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## IX.
## DAMAGES

76. The damages Plaintiff seeks are within the jurisdictional limits of this court.

77. Plaintiff seeks monetary relief over $1,000,000.

## X.
## ADDITIONAL DAMAGES & PENALTIES

78. Defendants' conduct was committed knowingly and intentionally. Accordingly, Defendants are liable for additional damages under DTPA Section 17.50(b)(1), as well as all

14

operative provisions of the Texas Insurance Code. Plaintiff is entitled to 18% interest on the amount of its claim, allowed by the Texas Insurance Code.

## XI.
## ATTORNEY'S FEES

79. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and Sections 38.001 *et. seq.* of the Civil Practice and Remedies Code.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Judgment be entered against Defendants, jointly and severally, that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or unpled within its Original Petition.

Respectfully submitted,

The Bukowski Law Firm, P.C.

_____
Sean Bukowski
Texas Bar No. 24031896
1601 Rio Grande, Suite 300A
Austin, Texas 78701
sbukowski@bukowskilawfirm.com
(512) 614-0335
(832) 201-0822 (fax)

**ATTORNEYS FOR PLAINTIFF**